# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF LOUISIANA
# LAFAYETTE DIVISION

| | |
|---|---|
| **MICHAEL BIHM ET AL** | **CASE NO. 6:22-CV-01458** |
| **VERSUS** | **JUDGE JAMES D. CAIN, JR.** |
| **TECHE VERMILION FRESH WATER DISTRICT ET AL** | **MAGISTRATE JUDGE CAROL B. WHITEHURST** |

## REPORT AND RECOMMENDATION

Before the Court is Plaintiffs' Motion to Remand. (Rec. Doc. 7). Defendant, The Teche-Vermilion Fresh Water District ("Teche"), opposed the Motion (Rec. Doc. 9), and Plaintiffs replied (Rec. Doc. 12). The Motion was referred to the undersigned magistrate judge for review, report, and recommendation in accordance with the provisions of 28 U.S.C. §636 and the standing orders of this Court. Considering the evidence, the law, and the arguments of the parties, and for the reasons explained below, the Court recommends that Plaintiffs' Motion to Remand be granted.

## Factual Background

Plaintiffs filed this putative class action suit in state court in May 2022 against Teche for alleged damages to their and other potential class members' property along the banks of Bayou Courtableau. Plaintiffs claim that Teche violated "the established

Operating Manual," resulting in bank failures, slumps, or crevasses on Plaintiffs' property. (Rec. Doc. 1-1).

Teche removed the case to this Court asserting federal question jurisdiction pursuant to 28 U.S.C. § 1331. In its Notice of Removal, Teche identified itself as an entity established by Louisiana revised statute 38:3086.1 for the purpose of establishing, maintaining, and protecting fresh water supply in Bayou Teche and the Vermilion River. (Rec. Doc. 1, ¶10). Teche identified Plaintiffs' referenced "operating manual" as the October 1998 "Mississippi River and Tributaries Water Control Plan, Teche-Vermilion Basins, Louisiana Water Resource Projects" [hereinafter, "Water Control Plan"], developed by the United States Army Corps of Engineers." (Rec. Doc. 1, ¶14 and Rec. Doc. 1-2). Teche's Notice of Removal further explains the history of the Water Control Plan, including how the Corps of Engineers developed the Plan pursuant to the federal Flood Control Act, and how Teche is required to follow the Plan regarding water levels, pump location, usage and operation, conveyance channels, etc. (Rec. Doc. 1, ¶16-24). Teche describes Plaintiffs' claims as allegations that Teche failed to comply with the Water Control Plan, which was the result of a federal act, enacted pursuant to federal regulation, and which requires Teche to operate pursuant to Title 33 of the Code of Federal Regulations, part 208.10. (Rec. Doc. 1, ¶28). Thus, Teche asserts federal question jurisdiction. Plaintiffs filed the instant motion to remand on the grounds that their

claims are simply state law negligence claims based on Teche's alleged failure to comply with its duties established by the Water Control Plan.

## **Law and Analysis**

"Federal courts are courts of limited jurisdiction. Absent jurisdiction conferred by statute, district courts lack power to consider claims." *Veldhoen v. U.S. Coast Guard*, 35 F.3d 222, 225 (5th Cir. 1994). See, also, *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994); *Howery v. Allstate Ins. Co.*, 243 F.3d 912, 916 (5th Cir. 2001). Federal district courts have original jurisdiction over cases involving a federal question pursuant to 28 U.S.C. §1331.

A suit is presumed to lie beyond the scope of federal-court jurisdiction until the party invoking federal-court jurisdiction establishes otherwise. *Kokkonen v. Guardian Life*, 511 U.S. at 377; *Howery v. Allstate*, 243 F.3d at 916. Any doubts regarding whether removal jurisdiction is proper should be resolved against federal-court jurisdiction. *Acuna v. Brown & Root Inc.*, 200 F.3d 335, 339 (5th Cir. 2000). The party invoking the court's subject-matter jurisdiction has the burden of establishing the court's jurisdiction. *St. Paul Reinsurance Co., Ltd. v. Greenberg*, 134 F.3d 1250, 1253 (5th Cir. 1998); *Gaitor v. Peninsular & Occidental S. S. Co.*, 287 F.2d 252, 253 (5th Cir. 1961).

Whether a claim arises under federal law so as to confer federal question jurisdiction is governed by the well-pleaded complaint rule, which provides that

"federal jurisdiction exists only when a federal question is presented on the face of the plaintiff's properly pleaded complaint." *Caterpillar, Inc. v. Williams,* 482 U.S. 386, 392 (1987); *Rivet v. Regions Bank of Louisiana,* 522 U.S. 470, 475 (1998). Under the well-pleaded complaint rule, "there is generally no federal jurisdiction if the plaintiff properly pleads only a state law cause of action." *MSOF Corp. v. Exxon Corp.,* 295 F.3d 485, 490 (5th Cir.2002). See also *Saadat v. Landsafe Flood Determination, Inc.,* 253 Fed.Appx. 343, 344 (5th Cir.2007). However, federal question jurisdiction may also exist where "the vindication of [the subject state law cause of action] necessarily turn[s] on some construction of federal law." *Franchise Tax Bd. v. Constr. Laborers Vacation Trust,* 463 U.S. 1, 27–28 (1983); see also *Merrell Dow Pharms., Inc. v. Thompson,* 478 U.S. 804, 808–09 (1986); *Metro. Life Ins. Co. v. Taylor,* 481 U.S. 58, 63 (1987).

"[T]he mere presence of a federal issue in a state cause of action does not automatically confer federal-question jurisdiction" over a case. *Merrell Dow v. Thompson,* 478 U.S. at 813; *Willy v. Coastal Corp.,* 855 F.2d 1160, 1168 (5th Cir.1988); see, also, *MSOF,* 295 F.3d at 491–92 (finding no federal question jurisdiction where "[t]he vindication of ... plaintiffs' rights does not turn on resolution of a federal question."). Furthermore, "the existence of a private cause of action is not a litmus test for the existence of a federal question, as many federal courts had previously held." *Zahora v. Precision Airmotive Corp.,* 2007 WL 765024,

4

1 (E.D.Pa.2007). Instead, in *Grable & Sons Metal Products v. Darue Engineering,* the United States Supreme Court formulated the relevant inquiry as follows: "does a state-law claim necessarily raise a stated federal issue, actually disputed and substantial, which a federal forum may entertain without disturbing any congressionally approved balance of federal and state judicial responsibilities." *Grable & Sons Metal Products v. Darue Engineering,* 545 U.S. 308, 314 (2005).

The Fifth Circuit has articulated four requirements for the determination of whether a federal issue embedded in a state law cause of action will confer federal question jurisdiction. Federal question jurisdiction is appropriate when: (1) resolving the federal issue is necessary to resolution of the state-law claim; (2) the federal issue is actually disputed; (3) the federal issue is substantial; and (4) federal jurisdiction will not disturb the balance of federal and state judicial responsibilities. *Singh v. Duane Morris LLP,* 538 F.3d 334, 338 (5th Cir.2008).

Plaintiffs assert state law class claims for negligence pursuant to La. C.C. art. 2315 for damage to their property. (See Rec. Doc. 1-1, Count One). Count Two is for "violation of the established operation and maintenance manual," which Teche shows is the Water Control Plan. (Rec. Doc. 1-1, Count Two). The Water Control Plan does not establish a cause of action, but rather sets forth various technical actions regarding water/flood control for which Teche is responsible. Otherwise, the Petition does not reference any federal law. Therefore, the Court interprets Plaintiffs'

Petition to assert a purely state law claim for damages. Nonetheless, the Court must determine whether a federal issue is embedded in Plaintiffs' state law claim by virtue of their reference to the Water Control Plan.

The Water Control Plan states that its primary purpose "is to compensate for the loss of low flow in Bayou Teche and the Vermilion River, which was caused by Federal construction of the West Atchafalaya Basin Protection Levee…i.e. to provide for future water supply and water quality needs." (Rec. Doc. 1-2, p. 13). The document sets forth technical details regarding such things as the location and type of pumping stations, conveyance channels, levees, and other control structures. (Rec. Doc. 1-2). Plaintiffs claim that Teche failed to do what the Water Control Plan required it to do. Plaintiffs do not challenge the promulgation or enforceability of the Plan or the adequacy of any of its provisions. In determining whether Teche failed to comply with the Plan, and thus breached its duties therein as Plaintiffs claim, the fact finder need only compare Teche's actions to its obligations within the Plan. A determination of whether Teche breached a duty to Plaintiffs does not require resort to federal law. Plaintiffs did not ask the court to interpret a federal statute, to declare any party's rights or obligations under any federal statute, or to remedy a violation of any federal statute. In other words, there is no substantial question of federal law.

To the extent Teche's duties are governed by the Code of Federal Regulations and, by extension, the federally conceived Water Control Plan (see Rec. Doc. 1, ¶27), the Court finds that the issue is more appropriately considered as one of preemption, which is an affirmative defense and does not confer federal jurisdiction. *Bernstein v. Atl. Richfield Co.,* No. CIV.A. 15-630, 2015 WL 3454740, at *2 (E.D. La. May 29, 2015), citing *New Orleans & Gulf Coast Ry. Co. v. Barrois,* 533 F.3d 321, 328 (5th Cir.2008) ("It is well-settled within this Circuit that when a plaintiff fails to affirmatively allege a federal claim, 'anticipated or potential defenses, *including defenses based on federal preemption,* do not provide a basis for federal question jurisdiction.'" (Emphasis in original.)).

Teche relies on *Bd. of Comm'rs of the Se. Louisiana Flood Prot. Auth.-E. v. Tennessee Gas Pipeline Co., LLC* ("*Bd. of Comm.*") for the proposition that Plaintiffs' state law tort claims present a federal question based on a standard of care arising out of federal law. In that case, the Southeast Louisiana Flood Protection Authority sued numerous oil and gas companies for allegedly causing coastal erosion by failing to comply with the federal and state regulatory framework. *Bd. of Comm'rs of the Se. Louisiana Flood Prot. Auth.-E. v. Tennessee Gas Pipeline Co., LLC*, 29 F. Supp. 3d 808 (E.D. La. 2014). The plaintiff asserted state law claims for the oil and gas defendants' alleged failures to comply with, for instance, the River and Harbors Act of 1899 and Coastal Zone Management Act of 1972. The Eastern

7

District of Louisiana found that the plaintiff's claims necessarily raised an issue of federal law, because the court was called upon "to interpret federal law to ascertain, among other issues, whether Defendants' conduct constitutes an unauthorized alteration or injury to the levee systems under the Rivers and Harbors Act, whether the Clean Water Act required Defendants to restore allegedly abandoned dredged canals, and what steps the Coastal Zone Management Act required Defendants to take to minimize adverse environmental effects." *Id*. at 854. The federal statutes were "the only specific sources of the duty Plaintiff must establish in order to prevail." *Id*. at 854-55. Therefore, the plaintiff's negligence claim necessarily involved application of federal law. *Id*.

This holding is distinguishable from the instant case, because in *Bd. of Comm*., Louisiana law did not impose an independent duty on which the plaintiff could rely. Rather, the plaintiff explicitly relied upon the referenced federal statutes and claimed that the defendants violated the extensive regulatory framework comprised of those federal statutes. In contrast, Plaintiffs in this case do not rely on any federal regulatory framework or federal statute, and, unlike in *Bd. of Comm*., they are not constrained by such regulations. Although Plaintiffs turn to the Water Control Plan as one source of Teche's duty, they may also rely upon Louisiana laws governing damage of others' property (e.g. La. C.C. art. 667-679).

8

This case is more akin to *Riehm v. Wood Res., LLC*, No. CV 16-12747, 2016 WL 6123372, at *5 (E.D. La. Oct. 20, 2016). In *Reihm*, the plaintiffs sued a sand dredging company on various state law theories, including Louisiana nuisance laws and environmental statutes. In distinguishing the case from *Bd. of Comm.* and finding that the case did not present a federal issue, the court reasoned:

> In this case, Plaintiffs' state court petition does not argue that federal regulations and statutes establish the duties owed by Defendants. Rather, Plaintiffs' petition alleges that Defendants breached duties imposed under Louisiana law. Because the plaintiff in *Board of Commissioners* argued that the federal standards established the duties owed by defendants, and the defendants did not have an independent duty under Louisiana law, the Court determined that the federal statutes were not just one of multiple theories that could support the plaintiff's negligence and nuisance claim. Here, Plaintiffs' state court petition explicitly references the Louisiana statutes, civil code articles, and local ordinances that Plaintiffs allege Defendants have violated. Plaintiffs' petition merely references federal statutes in further support of their argument that Defendants have been negligent, a nuisance, and violated local ordinances. Further, Defendants have not argued that they have no independent duty under Louisiana law. In fact, Defendants may owe a duty to Plaintiffs under Louisiana Civil Code Articles 667-679, Louisiana Civil Code Article 2315, and local ordinances, whereas the Court in *Board of Commissioners* conclusively determined that the defendants did not have an independent duty under Louisiana law. Thus, unlike *Board of Commissioners*, Plaintiffs' state-law claims do not necessarily raise a federal issue.

*Riehm,* at *4 (cleaned up; footnotes omitted).

See also *Bernstein v. Atl. Richfield Co.*, No. 15-630, 2015 WL 3454740 (E.D. La. May 29, 2015), wherein the court rejected the defendant's argument that the issuance of permits pursuant to a federal statute, FERC, created a federal question.

Similarly, in this case, the existence of a federally created plan does not create a federal question merely because the plan was implemented pursuant to federal law and regulations. Absent a substantial federal law issue, the Court finds that subject matter jurisdiction does not exist under 28 U.S.C. § 1331.

Plaintiffs also seek an award of attorneys' fees for improper removal. A removal found to be improper does not automatically entitle the plaintiff to an award of attorneys' fees. *Valdes v. Wal-Mart Stores, Inc.,* 199 F.3d 290, 292 (5th Cir. 2000). In determining whether to award attorneys' fees, the court must not consider the removing defendant's subjective motive, but it must instead "consider objectively the merits of the defendant's case at the time of removal." *Id*.

> The application of § 1447(c) requires consideration of the propriety of the removing party's actions based on an objective view of the legal and factual elements in each particular case. We evaluate the objective merits of removal at the time of removal, irrespective of the fact that it might ultimately be determined that removal was improper.

*Id*. at 293.

The Court declines to recommend an award of attorneys' fees in this case. At the time Teche removed the case, it was certainly arguable that a federal question existed in Plaintiffs' reference to the Water Control Plan. Indeed, the jurisprudence discussed above, which reached contrary conclusions after in-depth legal analysis, illustrates that the existence of federal question jurisdiction in such cases is not always indisputable.

10

## **Conclusion**

For the reasons discussed herein, the Court recommends that Plaintiffs' Motion to Remand (Rec. Doc. 7) be GRANTED IN PART AND DENIED IN PART. This motion should be granted to the extent it seeks remand to state court. The motion should be denied to the extent Plaintiffs seek attorneys' fees for removal.

Under the provisions of 28 U.S.C. § 636(b)(1)(C) and Fed. R. Civ. P. 72(b), parties aggrieved by this recommendation have fourteen days from service of this report and recommendation to file specific, written objections with the Clerk of Court. A party may respond to another party's objections within fourteen days after being served with of a copy of any objections or responses to the district judge at the time of filing.

Failure to file written objections to the proposed factual findings and/or the proposed legal conclusions reflected in the report and recommendation within fourteen days following the date of its service, or within the time frame authorized by Fed. R. Civ. P. 6(b), shall bar an aggrieved party from attacking either the factual findings or the legal conclusions accepted by the district court, except upon grounds of plain error. See *Douglass v. United Services Automobile Association*, 79 F.3d 1415 (5th Cir. 1996) (en banc), *superseded by statute on other grounds*, 28 U.S.C. §636(b)(1).

THUS DONE in Chambers, Lafayette, Louisiana on this 9th day of August, 2022.

_____
CAROL B. WHITEHURST
UNITED STATES MAGISTRATE JUDGE